## MURDOCK v. LLEWLYN.   (No. 10206.)

Court of Civil Appeals of Texas. Dallas.
June 9, 1928.

Rehearing Withdrawn June 23, 1928.

1. Appeal and error ⬅️742(1)—Propositions in brief which are not statements of law and are not connected with assignments of error cannot be considered (Supreme Court Rule 30).

Propositions in brief, which are not within themselves propositions of law and are not connected with assignments of error as required by rules of briefing (Supreme Court Rule 30), cannot be considered.

2. Appeal and error ⬅️742(1)—Each proposition of law presented for reversal must be based on assignments of error and connected with case (Supreme Court Rule 30).

Each proposition of law presented for reversal in briefs must be based on one or more assignments of error and must bear relationship to the case under Rule 30 of Supreme Court.

3. Master and servant ⬅️258(15, 18)—Complaint alleging that employer negligently directed servant and left overhanging embankment in gravel pit and that plaintiff was injured by fall of embankment held sufficient.

Complaint by truck driver, alleging that while hauling gravel from gravel pit he received injuries from fall of overhanging embankment of rock and gravel due to negligent manner of defendant, his employer, in excavation and in directions given plaintiff and in manner in which gravel was caused to be loaded, *held* sufficient allegation of negligence in action for injuries.

Appeal from District Court, Dallas County; Claude M. McCallum, Judge.

Action by J. M. Llewlyn, Jr., against A. B. Murdock and another. From an adverse judgment, defendant named appeals. Affirmed.

Currie McCutcheon, of Dallas, for appellant.

Crate Dalton, of Dallas, for appellee.

LOONEY, J. This is an action by J. M. Llewlyn against A. B. Murdock and S. S. Connor to recover damages for personal injuries. Connor was eliminated from the case by an instructed verdict, and no appeal has been prosecuted with reference to him.

Llewlyn alleged in substance that he was employed by appellant as truck driver, hauling gravel from a gravel pit near the city of Dallas; that gravel had been taken from the pit, leaving an embankment 12 or 15 feet in height that projected outwardly 8 or 10 feet; and that on the occasion in question he placed his truck, for the purpose of being loaded, under the direction of appellant's employés; that he alighted from his truck to examine its front wheel, and was in a stooping position, when the overhanging embankment of rock and gravel fell upon his back, shoulders, hips, etc., from which he received the injuries of which he complains. He alleged that his injuries were caused by the negligence of appellant in the following respects, that is: In the manner the gravel had been excavated from the pit, leaving an overhanging embankment; in the manner plaintiff was directed or caused to place his truck for the purpose of being loaded on the occasion; in the manner in which the gravel pit was operated; in the manner in which the gravel was caused to be loaded on the truck; and in the manner in which the embankment was allowed to overhang.

The case was tried to a jury, and in answer to special issues they found that appellant was guilty of negligence in the manner in which the gravel pit was run, operated, and cared for; that the same was the proximate cause of the accident and injury to plaintiff; and that he suffered damages in the sum of $1,000, for which judgment was rendered in his favor.

[1] Appellant presents for our consideration 45 propositions, and the same, with the exception of proposition No. 13, are verbatim copies and literal reproductions of assignments of error. Propositions numbered from 1 to 11, inclusive, and Nos. 14, 43, 44, and 45 are not propositions of law within themselves, do not comply with the rules for briefing, and for that reason cannot be considered. Rule 30, promulgated by the Supreme Court for briefing, is as follows:

---

"Following the statement of the case there shall be stated consecutively, separately subdivided and numbered, the propositions or points upon which the appeal is predicated. These shall be germane to one or more of the assignments of error or relate to fundamental error. The purpose of this rule is to enable counsel to state immediately and briefly and without repetition the questions in the case, and to acquaint the court at once with the propositions presented for decision."

[2] This rule requires each proposition of law presented for reversal to be based on one or more assignments of error, and that the same shall be interwoven with, and bear relationship to, the case under consideration.

By a liberal interpretation, we are constrained to consider propositions Nos. 12, 13, and 15 to 42, inclusive, as being in substantial compliance with the rules, but when reduced they present but two questions, that is (1) as to the sufficiency of the pleadings, and (2) the sufficiency of the evidence, to raise the issue of negligence.

[3] We have heretofore set out the substance of plaintiff's allegations, which we believe sufficiently alleged negligence in the respect submitted, and, as the findings of the jury were, in our opinion, abundantly sustained by the evidence, they are adopted as our conclusions on the facts. No reversible error appearing, the judgment of the court below is affirmed.

Affirmed.